```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IAN FELMINE,
                           Plaintiff,
                                                                    **MEMORANDUM
                                                                    AND ORDER**
           - against -
                                                                    CV 09-3768 (CBA) (JO)
CITY OF NEW YORK, et al.,
                           Defendants.
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Ian Felmine ("Felmine") seeks an order unsealing portions of the state grand jury proceedings in the criminal prosecution that underlies the instant federal civil rights litigation. *See* Docket Entry ("DE") 9. Specifically, Felmine asks the court to compel the Kings County District Attorney's Office to provide transcripts of the testimony by all witnesses who appeared before the grand jury. *See id.* The defendants submitted no papers in opposition to the motion. For the reasons explained below, I deny Felmine's application without prejudice to renewal after attempting to secure relief from the state court that oversaw the grand jury proceedings.

New York law prohibits disclosure of "the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding." N.Y. Crim. Proc. Law § 190.25(4)(a) (McKinney 2007). To be sure, this state law does not bind federal courts, but "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Wilson v. City of New York*, 2007 WL 4565138, at *1 (E.D.N.Y. Dec. 21, 2007) (quotation marks omitted). Accordingly,

> federal courts will not order the disclosure of State grand jury proceedings unless
> the party seeking to compel the disclosure (1) gives the State courts the initial

opportunity to adjudicate the request and (2) can demonstrate a "particularized need" for the grand jury materials.

*Id.* (citing, *e.g.*, *Palmer v. Estate of Stuart*, 2004 WL 2429806, at *2-3 (S.D.N.Y. Nov. 1, 2004)).

Indeed, in cases from this circuit involving circumstances similar to the instant case, the court has denied the request to unseal grand jury records where the movant did not first seek relief in state court. *See*, *e.g.*, *McCoy v. City of New York*, 2008 WL 3286270, at *1 (E.D.N.Y. Aug. 7, 2008) (denying similar request based on comity policy); *Wilson*, 2007 WL 4565138, at *2 (same); *Lehman v. Kornblau*, 206 F.R.D. 345, 349 (E.D.N.Y. 2001) (same); *Ruther v. Boyle*, 879 F. Supp. 247, 250-51 (E.D.N.Y. 1995) (same); *see also Alvarado v. City of New York*, 2006 WL 22522511, at *2 (E.D.N.Y. Aug. 5, 2006) (considering request because movant had already sought relief in state court); *Waterman v. City of New York*, 1998 WL 23219, at *1 (S.D.N.Y. Jan. 13, 1998) ("Plaintiff correctly applied first to the court in which the grand jury had been impaneled, for that is the court that possesses and controls the minutes.").

Felmine provides no compelling reason to deviate from that well-settled practice here, nor do I discern one. I therefore deny Felmine's application without prejudice to renewal after attempting to obtain relief from the state court that oversaw the grand jury proceedings.

**SO ORDERED.**

Dated: Brooklyn, New York
October 29, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge