UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IAN FELMINE,

                Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE
MARTIN RUANE, Shield No. 6170, DETECTIVE
JULIO FRANCO, Shield No. 2564, DETECTIVE
THOMAS MARKARDT, Shield No. 6869,
SERGEANT JOSE BORRERO, Shield No. 5477,
"JOHN DOE" and "JANE DOE",

                Defendants.
------------------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
09-CV-3768 (CBA)(JO)

AMON, Chief United States District Judge.

      Currently before the Court is the plaintiff's motion for reconsideration of the Court's

rulings, in its summary judgment order of September 29, 2011, that certain claims were time-

barred.  For the reasons stated below, the motion is denied.


**I.  BACKGROUND**

      On August 31, 2009, plaintiff Ian Felmine commenced this action pursuant to 42 U.S.C.

§ 1983 and § 1985 alleging various deprivations of his constitutional rights, as well as various

state law causes of action.  Felmine's claims arise from his arrest and prosecution for the

attempted murder of Max Mazile on October 30, 2006.  Following discovery, the defendants

moved for summary judgment, and on September 29, 2011, the Court granted the motion for

summary judgment with respect to all claims except those against defendants Ruane and Franco

for false arrest, unlawful entry, and excessive force under § 1983.  See Felmine v. City of New

York, 2011 WL 4543268 (E.D.N.Y. 2011).  The Court also denied Felmine's motion to file a

third amended complaint adding Assistant District Attorney Allana Alexander as a defendant.

Relevant here, the defendants' summary judgment motion argued for dismissal of all the § 1983 claims against defendants Markardt and Borrero, other than the malicious prosecution claim, on the grounds that those defendants had been added to the complaint after the three-year statute of limitations expired on December 9, 2009.[1]  In opposition, Felmine argued that the defendants should be equitably estopped from asserting a statute of limitations defense because they had failed to turn over Markardt and Borrero's names until after the limitations period expired.  The defendants in reply argued that it was Felmine's own neglect that had caused the delay in adding Markardt and Borrero to the action, and that because Felmine's original complaint only named one male "John Doe" officer as a defendant, and did not contain factual allegations specific to any particular individual, the defense was only on notice that it needed to produce the name of the lead officer on the case, Detective Ruane, whose name was turned over to Felmine in a timely manner.  Indeed, at no stage of the litigation has the complaint described the actions taken by any individual officer, but has always alleged that all the "defendant Police Officers" or "the defendants" participated in every aspect of the arrest and prosecution giving rise to the numerous claims asserted.

The Court dismissed the claims against Markardt and Borrero based on its finding that the rigorous requirements for equitable estoppel had not been met—a conclusion that Felmine has not challenged.  Felmine, 2011 WL 4543268, at *5-6; see Poindexter v. Warner/Chappell Music Inc., 2009 WL 302064, at *4 (S.D.N.Y. 2009) (noting that equitable estoppel generally only applies in "extraordinary circumstances" reflecting "egregious wrongdoing" by the defendant).  The Court also observed in a footnote that Felmine had not argued that the Second Amended Complaint adding Markardt and Borrero as defendants should relate back to the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure, and that there was

---

[1] As to the malicious prosecution claim, summary judgment was granted to all the defendants on the merits.

some doubt, in both the case law and facts, as to whether relation back would apply.  <u>Felmine</u>, 2011 WL 4543268, at *6 n.3.  The Court therefore declined to address the issue, since Felmine had not even hinted at such an argument in his very short briefing on the timeliness issue.

Prompted by this footnote, on October 6, 2011, Felmine informed the Court that he wished to move for reconsideration of the Court's order dismissing defendants Markardt and Borrero from the action on the grounds that Rule 15(c) <u>should</u> apply, notwithstanding his failure to argue these grounds before.  (Docket entry # 74.)  The Court allowed Felmine to file the requested motion and, on December 28, 2011, in light of the lack of factual clarity surrounding the issue, the Court also requested affidavits from the attorneys on both sides describing the events leading up to the defendants' disclosure that Markardt and Borrero were involved in Felmine's arrest.  The Court now concludes that reinstatement of the outstanding claims against Markardt and Borrero would be inappropriate, and the motion is denied.

Additionally, in his motion papers and without prior authorization from this Court, Felmine has also moved for reconsideration of the Court's order dismissing as time-barred his claims against the City of New York under the New York State Constitution.  This portion of his motion is also denied.

## II. DISCUSSION

### a. Claims Against Defendants Markardt and Borrero

Felmine argues that the Court should reconsider its decision dismissing Markardt and Borrero on timeliness grounds and should find that amendment naming these defendants relates back to the original complaint under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court declines to reconsider these claims, given Felmine's failure to raise or even hint at Rule 15 arguments during the briefing on the underlying summary judgment motion.

A motion for reconsideration brought pursuant to Local Rule 6.3 "will only be granted if the moving party presents factual matters or controlling decisions the court overlooked that might have materially influenced its decision." Ocello v. City of N.Y., No. 05-cv-3725, 2008 WL 2827424, at *5 (E.D.N.Y. 2008) (citing Pereira v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.), 921 F. Supp. 1121, 1123 (S.D.N.Y. 1996). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (quoting Codero v. Astrue, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Id. (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)); see Torres v. Carry, 672 F. Supp. 2d 346, 349 (S.D.N.Y. 2009) ("Rule 6.3 should not be used to advance theories that were not previously argued."). "Ultimately, the decision of whether to grant a motion for reconsideration rests within

the sound discretion of the district court." <u>Metso Minerals, Inc. v. Powerscreen Intern.</u>

<u>Distribution Ltd.</u>, 722 F. Supp. 2d 316, 320 (E.D.N.Y. 2010).

Here, Felmine has plainly failed to meet the standards for reconsideration. All of the case

law that he cites in support of his Rule 15 arguments was fully available to him at summary

judgment, and he has not even attempted to justify his failure to offer any relation back

arguments at the appropriate time. It is not proper to use a motion for reconsideration as a

vehicle for relitigating an issue under an alternative theory that the plaintiff failed to advance

when he had the opportunity to do so. Accordingly, the Court denies the motion for

reconsideration on this basis.

The Court will observe briefly, however, that it is unlikely that Felmine's arguments for

relation back under Rule 15(c)(1)(C) would succeed on the merits. The case law surrounding the

question of when an amendment naming additional defendants can relate back to a complaint

containing "John Doe" defendants is not a straightforward one, but the controlling precedents

suggest that relation back would not be appropriate here. Under Rule 15(c)(1)(C) of the Federal

Rules of Civil Procedure, "An amendment to a pleading relates back to the date of the original

pleading when:

> the amendment changes the party or the naming of the party against whom a
> claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided
> by Rule 4(m) for serving the summons and complaint, the party to be brought in
> by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in
> > defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought
> > against it, but for a mistake concerning the proper party's identity.

The central question in Felmine's case is whether his failure to add Markardt and Borrero within

the limitations period can be characterized as a "mistake."

In <u>Barrow v. Wethersfield Police Dept.</u>, 66 F.3d 466 (2d Cir. 1995), the Second Circuit categorically held that Rule 15(c)(1)(C):

> does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.  Rule 15(c) explicitly allows the relation back of an amendment due to a "mistake" concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

<u>Id.</u> at 470.  There, an incarcerated <u>pro se</u> plaintiff brought suit under § 1983 for excessive force. He named the police department, the town, and unnamed "police officers" as defendants.  <u>Id.</u> at 467.  The court gave him leave to amend and directed him to "make every effort to obtain the names of the police officers who participated in his arrest."  <u>Id.</u>  The amended complaint named only ten "John Doe" officers.  The court appointed the plaintiff <u>pro bono</u> counsel who eventually succeeded in naming the individual officers, but not until the limitations period had expired.  <u>Id.</u> The Second Circuit held that the amended complaint naming the individual officers, which "did not correct a mistake in the original complaint, but instead supplied information Barrow lacked at the outset," could not relate back under Rule 15(c), and thus the claims were untimely.  <u>Id.</u> at 470.  The Second Circuit reiterated this holding in several subsequent cases.  <u>See</u> <u>Johnson v. Constantellis</u>, 221 Fed.Appx. 48, 50 (2d Cir. 2007); <u>Johnson v. Stinson</u>, 28 Fed.Appx. 71, 72 (2d Cir. 2002); <u>Malesko v. Correctional Servs. Corp.</u>, 229 F.3d 374, 383 (2d Cir. 2000), <u>rev'd on other grounds</u>, 534 U.S. 61 (2001); <u>Bove v. New York City</u>, 2000 WL 687720, at *1 (2d Cir. 2000); <u>Tapia–Ortiz v. Doe</u>, 171 F.3d 150, 151–52 (2d Cir.1999).  Accordingly, <u>Barrow</u> suggests that Felmine's failure to add Markardt and Borrero to the complaint within the statute of limitations because he did not know their identities does not constitute a "mistake," and that the amendment would not qualify for relation back under Rule 15(c)(1)(C).

6

Felmine argues that the Supreme Court's holding in <u>Krupski v. Costa Crociere S.p.A.</u>, 130 S. Ct. 2485 (2010) casts doubt on the continued viability of <u>Barrow</u>.  The Court disagrees.  In <u>Krupski</u>, the Supreme Court held that the key inquiry under Rule 15(c)(1)(C)(ii) is "whether [the defendant to be added] knew or should have known that it would have been named as a defendant <u>but for an error</u>."  <u>Id.</u> at 2493 (emphasis added).  There, the plaintiff sued the wrong of two interrelated, similarly-named corporate entities, and did not add the name of the proper defendant until after the limitations period expired.  The Court of Appeals held that the amendment could not relate back because the plaintiff was notified multiple times, prior to the expiration of the limitations period, of the existence of the proper corporate defendant.  The Supreme Court rejected that argument, reasoning that

> [i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity.  For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake.

<u>Id.</u> at 2493-94.  <u>Krupski</u> does not appear to alter the requirement that the plaintiff's failure to name the defendant within the limitations period be attributable to a "mistake" in order to warrant relation back under Rule 15(c)(1)(C).  As one court in this district has explained, <u>Krupski</u> would not seem to undermine the holding of <u>Barrow</u>:

> [The <u>Krupski</u>] Court determined that a plaintiff's mistake to sue the wrong party is still a mistake even if the party's identity was—literally—right before the plaintiff's eyes. . . .  <u>Krupski</u> merely picks up where <u>Barrow</u> left off.  <u>Barrow</u> asked whether a mistake has been committed; <u>Krupski</u> assumes the presence of a mistake and asks whether it is covered by Rule 15(c)(1)(C)(ii).  Therefore, <u>Barrow'</u>s holding that a lack of knowledge is not a mistake is still intact.

<u>Dominguez v. City of New York</u>, 2010 WL 3419677, at *3 (E.D.N.Y. 2010).  Accordingly, even after <u>Krupski</u>, Felmine's amendment here remains time-barred under <u>Barrow</u>.

The Court is also unpersuaded by Felmine's rather specious contention that because he was in possession of arrest paperwork mentioning Officer Markardt prior to the expiration of the limitations period, he, like the plaintiffs in <u>Krupski</u>, made a "mistake concerning the proper party's identity," because he misunderstood the role that Markardt played in the conduct giving rise to the claims.  See <u>Krupski</u>, 130 S. Ct. at 2494 ("A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B.").  Here, Felmine did not, as in <u>Krupski</u>, make a mistaken choice between alternative defendants based on a misunderstanding of their liability; he failed to add two defendants within the limitations period due to his lack of knowledge regarding the identities of the officers that arrested him.  See <u>Rodriguez v. City of New York</u>, 2011 WL 4344057, at *9 (S.D.N.Y. 2011) ("The plaintiff here, unlike the plaintiff in <u>Krupski</u>, did not have the requisite information to sue the correct party.  Therefore, on these facts, <u>Krupski</u> does not control and <u>Barrow</u> should apply to bar plaintiff's proposed amendment.").  That a single discovery document mentions the name of one of those defendants does not alone establish that a qualifying "mistake" took place.[2]

In sum, Felmine has not met the standards for reconsideration, but even if the Court were to reconsider its dismissal of the claims against Markardt and Borrero, <u>Krupski</u> and <u>Barrow</u> suggest that Felmine's arguments for relation back under Rule 15(c)(1)(C) would not succeed. The motion for reconsideration is therefore denied.

---

[2] The Court also notes that to the extent some district courts have carved out exceptions to the rule in <u>Barrow</u> based on the facts of particular cases, <u>see, e.g.</u>, <u>Byrd v. Abate</u>, 964 F. Supp. 140 (S.D.N.Y. 1997), that approach has never been expressly endorsed by the Second Circuit and appears to be outside the scope of the plain terms of Rule 15(c)(1)(C).

### b. Claims Under the State Constitution

Although in his pre-motion letter, Felmine only requested the Court's permission to file a motion to reconsider the order dismissing defendants Markardt and Borrero, his motion papers also argue for reconsideration of a separate portion of the Court's opinion.  Felmine now argues that his claims against the City of New York under the New York State Constitution for cruel and unusual punishment (art. 1, § 5), violation of equal protection (art. 1, § 11), and unreasonable searches and seizures (art. 1, § 12) were improperly dismissed as time-barred.  Felmine argues that the Court should have applied a three-year limitations period to his state constitutional tort claims, and should have found that these claims were not subject to a notice-of-claim requirement.  The Court declines to reinstate these claims for several reasons.

To begin with, Felmine had every opportunity to raise this issue at summary judgment and failed to do so.  Felmine's complaint purported to raise state law claims for false arrest, malicious prosecution, assault, intentional and negligent infliction of emotional distress, negligent hiring, and the above-mentioned claims under the state constitution.  In the defendants' motion for summary judgment and reply, they argued that all of Felmine's state law claims, with the exception of his state malicious prosecution claim, were barred by the statute of limitations applicable to tort actions against the City or its employees.  The defendants stated that this statute of limitations was one year, but cited to a provision of the General Municipal Law providing a one-year and ninety-day statute of limitations for civil actions against employees of the City of New York.  (See Defs. Mem., at 30 (citing N.Y. Gen. Mun. L. § 50-k(6)); see also N.Y. Gen. Mun. L. § 50-i (providing one-year ninety-day statute of limitations for actions against a city, county, town or village).  The defendants also argued that Felmine's failure to file a notice of

claim within 90 days after the claims arose warranted dismissal of the state law claims.  (See Defs. Mem., at 30-31.)

In his opposition to summary judgment, Felmine expressly stated that the applicable statute of limitations period for all of his state law claims was one year and ninety days.  (See Pl. Opp., at 31.)  The only arguments he offered in defense of the timeliness of these claims were that the charges against him were not dismissed until June 10, 2009 (seemingly an argument about claim accrual), and that he had indeed filed a notice of claim on August 28, 2009.  (Id. at 31-32.)  In its September 29, 2011 Order, the Court held that, pursuant to this one-year ninety-day limitations period, all the state law claims (except the state malicious prosecution claim) were time-barred, because they had accrued and expired well before the filing of this action or the filing of a notice of claim.  The state law claim for malicious prosecution was timely but was dismissed on the merits.  Felmine, 2011 WL 4543268, at *24-25.

Given Felmine's concession during the summary judgment briefing that all his state law claims were governed by a limitations period of one year and ninety days, the Court is hardly sympathetic to his assertion that the Court should now apply a different limitations period to the state constitutional claims.  Under the standards for reconsideration recited above, the Court doubts that a plaintiff's belated objection to a statute of limitations period that he previously conceded presents an appropriate basis for reconsidering a dismissed claim.

Furthermore, Felmine's motion for reconsideration of the state constitutional claims is untimely.  Local Civil Rule 6.3 provides that a party must give notice of a motion for reconsideration within 14 days after entry of the Court's order.  Because Felmine did not indicate in his pre-motion letter that he would be moving for reconsideration of the state constitutional claims, this aspect of the instant motion is untimely under Rule 6.3.  "There is authority among

10

district courts in the Second Circuit that the untimely filing of a motion pursuant to Local Rule 6.3 is a sufficient basis for denial of the motion."  Cyrus v. City of New York, 2010 WL 148078, at * 1 (E.D.N.Y. 2010) (collecting cases).  However, even assuming reconsideration is appropriate here, the Court declines to reinstate the state constitutional claims.

As the defendants now argue, New York courts will only imply a private right of action under the state constitution where no alternative remedy is available to the plaintiff.  See Martinez v. City of Schenectady, 97 N.Y.2d 78, 83 (2001) (indicating that state constitutional tort is a "narrow remedy" and recognition of a constitutional tort claim is not necessary where the claimant has an alternate "avenue of redress"); Waxter v. State of New York, 826 N.Y.S.2d 753, 754 (3d Dep't 2006) ("[A] private right of action for a violation of the N.Y. Constitution is unavailable where an alternative remedy . . . exists."); Bullard v. State of New York, 763 N.Y.S.2d 371, 678-79 (3d Dep't 2003).  Accordingly, Felmine does not appear to contest that state constitutional tort claims against the individual defendants would not be recognized, due to the availability of several causes of action under 42 U.S.C. § 1983 (most or all of which were asserted in this action).  See, e.g., Flores v. City of Mount Vernon, 41 F. Supp. 2d 439, 447 (S.D.N.Y. 1999) (declining to imply state constitutional tort where plaintiff has available remedies under § 1983); Coakley v. Jaffe, 49 F. Supp. 2d 615, 629 (S.D.N.Y. 1999) (same); Wahad v. F.B.I., 994 F. Supp. 237, 240 (S.D.N.Y. 1998) (holding that "the existence of alternative damage remedies under Section 1983 obviates the need to imply a private right of action" under state constitution).  Rather, Felmine argues that the Court should allow him state constitutional tort claims against the City of New York, because under state law such a claim could proceed under a theory of respondeat superior, which is not recognized under § 1983.

As an initial matter, Felmine declines even to address why claims under New York's equal protection and cruel and unusual punishment provisions would be viable, given the Court's holdings at summary judgment that (1) the § 1983 claims related to delayed medical treatment and conditions of confinement were rooted in the due process clause for a pre-trial detainee, not the prohibition on cruel and unusual punishments, and in any event could not survive summary judgment, see Felmine, 2011 WL 4543268, at *20-23; and (2) that any allegations of racial discrimination were wholly conclusory and unable to survive summary judgment, see id. at *23, 29.  It thus appears from the outset that the only potential state constitutional claim that could survive at this stage would be one grounded in unreasonable searches and seizures, since the surviving § 1983 claims in this case are for false arrest, unlawful entry, and excessive force.[3]

The Court also observes that at least one court in this circuit has rejected the argument that the lack of respondeat superior liability under § 1983 makes it an unacceptable alternative remedy to a state constitutional tort.  See Wahad, 994 F. Supp. at 240 n.4 (rejecting argument that § 1983 cannot be deemed an "effective substitute" for a state constitutional tort because it does not provide for respondeat superior liability because the alternate remedy "need not provide the exact same standard of relief in order to provide an adequate remedy that would vindicate Plaintiff's . . . claims").  The one case that Felmine relies upon for the proposition that the lack of respondeat superior liability under § 1983 alone warrants an implied state constitutional remedy against the City cited no case law in support of that conclusion.  See Vilkhu v. City of New York, 2008 WL 1991099, at *9 (E.D.N.Y. 2008).  Moreover, Felmine does not attempt to explain why his interests would not have been adequately vindicated in timely common law tort

---

[3] To the extent Felmine attempts to assert a claim under the anti-discrimination clause of art. 1, § 11, the New York Court of Appeals has already held that this provision requires enabling legislation and does not itself give rise to a cause of action.  See Kalsi v. N.Y.C. Transit Auth., 62 F. Supp. 2d 745, 761 (E.D.N.Y. 1998); Brown v. State, 89 N.Y.2d 172, 190 (1996).

claims, such as false arrest or battery, which could have proceeded against the City on a

respondeat superior theory under state law.  See Waxter, 826 N.Y.S.2d at 754 ("[A] private right

of action for a violation of the N.Y. Constitution is unavailable where an alternative remedy,

such as, among other things, a common-law action for damages, exists."); Holland v. City of

Poughkeepsie, 935 N.Y.S.2d 583, 590 (2d Dep't 2011) ("[T]he City may be held vicariously

liable under the state law claim for torts committed by [the individual defendant] acting within

the scope of his employment.").  In any event, even if the Court were to find that a state

constitutional tort could plausibly be recognized in this case, the claim would fail for Felmine's

failure to file a timely notice of claim.

Felmine appears correct in his newly asserted argument that a three-year statute of

limitations governs state constitutional tort claims.  See 423 South Salina Street, Inc. v. City of

Syracuse, 69 N.Y.2d 474, 482, 486 (1986); Dominguez, 2010 WL 3419677, at *1; Schiller v.

City of New York, 2008 WL 200021, at *9 (S.D.N.Y. 2008).  However, the Court is not

persuaded that the 90-day notice-of-claim requirement for tort claims against municipalities is

inapplicable to these claims.  In 423 South Salina Street, Inc., the New York Court of Appeals

indicated that a notice of claim was required for state constitutional torts, 68 N.Y.2d at 498 n.5

("such claim as the complaint asserts based on the State Constitution is also barred by reason of

the failure to give notice of claim"), and courts in this circuit have found that rule controlling, see

Pratt v. Indian River Cent. School Dist., 2011 WL 1204804, at *7 (N.D.N.Y. 2011) ("The New

Court of Appeals has held that the notice-of-claim provisions of the General Municipal Law §

50–i are applicable to a cause of action for 'constitutional torts' in violation of the New York

State Constitution. As a result, the Court finds that Plaintiffs' failure to file a notice of claim is

fatal to Plaintiff A.E.P.'s claim."); Pastolrello v. City of New York, 2001 WL 1543808, at *9

(S.D.N.Y. 2001) (holding that defendants were "correct" in their contention that the notice-of-claim requirement in § 50-i applied to state constitutional tort claim).  The New York cases that Felmine cites, which hold that a notice of claim is not required for civil rights actions under Executive Law § 296 or Civil Rights Law § 40-c, are inapposite, because those statutory causes of action are not considered <u>tort</u> claims that trigger the notice-of-claim statute at all.  <u>See</u> <u>Alaimo v New York City Dept. of Sanitation</u>, 611 N.Y.S.2d 245 (2d Dep't 1994); <u>Mills v. County of Monroe</u>, 453 N.Y.S.2d 486 (4th Dep't 1982); <u>see also</u> <u>Pratt</u>, 2011 WL 1204804, at *7.

Here, Felmine's only viable claims are unquestionably grounded in tort, and thus the Court adheres to its prior conclusion that a notice of claim would be required.  While the applicability of the notice-of-claim requirement to state constitutional torts may perhaps suffer from a "lack of clarity in New York law," the Court finds it would be inappropriate to alter its prior conclusion based on a motion for reconsideration that suffers from all the additional infirmities described above.  <u>See</u> <u>Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills</u>, 2011 WL 4445626, at *24 (S.D.N.Y. 2011) (court ordered further briefing on the issue of whether claims brought under the state constitution were subject to the notice-of-claim requirement and plaintiff then conceded that <u>423 S. Salina St.</u> imposed such a requirement).  It is undisputed that Felmine did not file a notice of claim with the City until August 28, 2009—over two-and-a-half years after the arrest at issue.  Thus, to the extent Felmine were able to state constitutional tort claims against the City arising out of those events, they would fail to comply with the 90-day notice requirement in § 50-i.

For all the foregoing reasons, Felmine's motion for reconsideration of the Court's order dismissing his state constitutional tort claims against the City is denied.

14

**III.  CONCLUSION**

For the reasons stated, Felmine's motion for reconsideration is denied.


SO ORDERED.


Dated: Brooklyn, New York
       June 4, 2012

                                                       /s/
                                           Carol Bagley Amon
                                           Chief United States District Judge